IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH, § | | |
| § | | |
| Plaintiff, § | | CASE NO. 2:07-cv-527-LED-CE |
| § | | |
| v. § | | JURY TRIAL REQUESTED |
| § | | |
| GENERAL ELECTRIC COMPANY, § | | |
| § | | |
| Defendant. § | | |
| § | | |

### GENERAL ELECTRIC COMPANY'S ANSWER AND COUNTERCLAIMS TO JOSEPH SMITH'S COMPLAINT FOR PATENT INFRINGEMENT

Except as specifically indicated herein, defendant GENERAL ELECTRIC COMPANY ("GE") denies knowledge and information sufficient to form a belief as to the truth of each and every allegation made about any individual, corporation, or entity other than GE.  With respect to the numbered paragraphs of the Complaint, defendant GE answers the Complaint for Patent Infringement of plaintiff JOSEPH SMITH ("Plaintiff Smith"), by and through its attorneys, as follows:

### PARTIES

1. GE is without sufficient knowledge to either admit or deny the allegations of paragraph 1 of this section of the Complaint, and on that basis denies them.

2. GE admits the allegations of paragraph 2 of this section of the Complaint.

### JURISDICTION AND VENUE

1. The allegations in paragraph 1 under this section of the Complaint are legal conclusions as to which no responses are required.  To the extent that further pleading is required, GE admits that this action arises under the patent laws of the United States.  GE further

admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

2. The allegations in paragraph 2 under this section of the Complaint are legal conclusions as to which no responses are required. To the extent that further pleading is required, GE admits that venue is proper in this judicial district under 28 U.S.C. §§1391(b), (c) and 1400(b).

## PATENTS IN SUIT

1. GE admits that U.S. Patent No. 6,611,686 ("the '686 Patent"), entitled "Tracking Control and Logistics System and Method," issued on August 26, 2003, but denies any implication that the '686 Patent is valid or enforceable.

2. GE admits that records of the United States Patent and Trademark Office ("the PTO") indicate that the '686 Patent is currently assigned to Plaintiff Smith. Except as expressly admitted herein, GE denies the remaining allegations of paragraph 2 of this section of the Complaint.

## FACTUAL BACKGROUND

1. GE admits that its subsidiaries General Electric Railcar Repair Services Corporation; GE Asset Intelligence, LLC; and Transport International Pool, Inc. (collectively "its subsidiaries") provide trailer fleet management solutions, including solutions for monitoring trailer assets. GE admits that the customers of its subsidiaries can monitor their trailer assets via the Internet, and in particular data about those assets is visible through the Trailer Fleet Services' Premier Services™ website. GE further admits that some of the trailer fleet management solutions of its subsidiaries employ Global Positioning System (GPS) technology. GE further admits that some of the trailer fleet management solutions of its subsidiaries transmit

communications through the ORBCOMM low earth orbit (LEO) satellite system.  GE further admits that data can be sent to customers directly via XML data exchange.  Except as expressly admitted herein, GE denies the remaining allegations of paragraph 1 of this section of the Complaint.

2.  GE admits that certain of the fleet management solutions marketed by its subsidiaries under the VeriWise™ mark provide for two-way communication of data.  GE admits that certain of the VeriWise™ solutions make use of devices that collect and transmit data, as well as GPS and low earth orbit satellite systems, computer servers, and software applications.  GE admits that certain of the VeriWise™ solutions are capable of monitoring door-open status, cargo status, refrigeration unit temperature status, and location.  Except as expressly admitted herein, GE denies the remaining allegations of paragraph 2 of this section of the Complaint.

3.  GE admits that certain of the VeriWise™ solutions provide the capability of allowing the customer to communicate with in-field devices using over-the-air commands.

4.  GE admits that its subsidiaries market VeriWise™ solutions to customers throughout the United States, including in Texas.  Except as expressly admitted herein, GE denies the remaining allegations of paragraph 4 of this section of the Complaint.

### CAUSE OF ACTION FOR PATENT INFRINGEMENT

1.  GE repeats and incorporates by reference its responses as contained in the foregoing paragraphs.

2.  GE denies each and every allegation contained in paragraph 2 of this section of the Complaint.

3.  GE denies each and every allegation contained in paragraph 3 of this section of

3

the Complaint.

4. GE admits that Smith requests compensation, but denies that GE has infringed the '686 Patent. Except as expressly admitted herein, GE denies each and every allegation of paragraph 4 of this section of the Complaint.

## JURY TRIAL

1. GE admits that Plaintiff Smith demands a trial by jury.

### GE'S AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE
(No Infringement)

GE has not and does not infringe (either literally or by the doctrine of equivalents), induce infringement, or contribute to the infringement of any valid and enforceable claim of the '686 Patent.

#### SECOND AFFIRMATIVE DEFENSE
(Invalidity Under 35 U.S.C. §102)

One or more of the claims of the '686 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §102.

#### THIRD AFFIRMATIVE DEFENSE
(Invalidity Under 35 U.S.C. §103)

One or more of the claims of the '686 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §103.

#### FOURTH AFFIRMATIVE DEFENSE
(Invalidity Under 35 U.S.C. §112)

One or more of the claims of the '686 Patent are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. §112.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mark)

To the extent that Plaintiff Smith, and alleged predecessors in interest to the '686 Patent, failed to properly mark any of their relevant products as required by 35 U.S.C. §287 or otherwise give proper notice that GE's actions allegedly infringed the '686 Patent, GE is not liable to Smith for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '686 Patent.

## SIXTH AFFIRMATIVE DEFENSE
### (Unenforceability Due to Inequitable Conduct)

On information and belief, the '686 Patent is unenforceable due to the inequitable conduct of the applicant during prosecution.  GE incorporates by reference the allegations set forth in Paragraphs 3 through 29 of its Counterclaims, below, as if set forth in full herein.

## SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff Smith is estopped, by way of prosecution history estoppel or otherwise, from asserting that GE infringes the '686 Patent.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Entitlement to Injunctive Relief)

Plaintiff Smith is not entitled to injunctive relief because any purported injury to Plaintiff Smith may be addressed by an adequate remedy at law.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff Smith's Complaint fails to state a claim against defendant upon which relief may be granted.

### TENTH AFFIRMATIVE DEFENSE
### (Laches)

The relief sought by Plaintiff Smith is barred in whole or in part under the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

The relief sought by Plaintiff Smith is barred in whole or in part under the doctrine of waiver.

### TWELFTH AFFIRMATIVE DEFENSE
### (Additional Defenses to be Ascertained)

Any defenses set forth in 35 U.S.C. §282 that are presently unknown to GE but which – when ascertained –GE prays leave to assert.

### DEFENDANT'S COUNTERCLAIMS

GE, by and through its attorneys, asserts the following counterclaims against Plaintiff Smith:

### PARTIES

1.General Electric Company ("GE") is a corporation organized and existing under the laws of New York, and having a principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828.

2.Upon information and belief, and as averred in its Complaint, Plaintiff Smith is an individual who resides in Henderson, Texas.

### NATURE OF THE COUNTERCLAIMS

3.These are counterclaims for declaratory judgment that GE does not infringe, directly or indirectly, the '686 Patent, and that the '686 Patent is invalid and unenforceable.

4.      Plaintiff Smith alleges in his Complaint in this action that he is the owner of all right, title, and interest in the '686 Patent, and further alleges that GE infringes the '686 Patent. GE denies that it infringes any valid claim of the '686 Patent.

5.      On information and belief, the '686 Patent is invalid and unenforceable due to the inequitable conduct of the applicant during prosecution of the application leading to the '686 Patent and by inequitable conduct of the applicant during prosecution of the application leading to U.S. Patent No. 6,879,962 (the '962 Patent), as set forth below.

6.      During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,835,377, to Bush (the '377 Patent).  Upon information and belief, the applicant was aware that the '377 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent.  In fact, while prosecution of the '686 Patent was ongoing, the '377 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications.  With the intent to deceive the Examiner, the applicant failed to cite the '377 Patent during prosecution of the '686 Patent.

7.      During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 6,014,628, to Kovarik, Jr. (the '628 Patent).  Upon information and belief, the applicant was aware that the '628 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent.  In fact, while prosecution of the '686 Patent was ongoing, the '628 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications.  With the intent to

deceive the Examiner, the applicant failed to cite the '628 Patent during prosecution of the '686 Patent.

8. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,666,493, to Wojcik et al. (the '493 Patent). Upon information and belief, the applicant was aware that the '493 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '493 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '493 Patent during prosecution of the '686 Patent.

9. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,712,989, to Johnson et al. (the '989 Patent). Upon information and belief, the applicant was aware that the '989 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '989 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '989 Patent during prosecution of the '686 Patent.

10. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,434,775, to Sims et al. (the '775 Patent). Upon information and belief, the applicant was aware that the '775 Patent was prior art that was relevant and material to the prosecution of Application

No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '775 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '775 Patent during prosecution of the '686 Patent.

11. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 4,920,488, to Filley (the '488 Patent). Upon information and belief, the applicant was aware that the '488 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '488 Patent was the basis of a prior art rejection by a different Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '488 Patent during prosecution of the '686 Patent.

12. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,867,122, to Zahm et al. (the '122 Patent). Upon information and belief, the applicant was aware that the '122 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '122 Patent was cited by the Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '122 Patent during prosecution of the '686 Patent.

13. During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,045,839, to Ellis et al. (the '839 Patent). Upon information and belief, the applicant was aware

that the '839 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '839 Patent was cited by the Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '839 Patent during prosecution of the '686 Patent.

14.     During prosecution of the '686 Patent, the applicant was aware of U.S. Patent No. 5,914,671, to Tuttle et al. (the '671 Patent). Upon information and belief, the applicant was aware that the '671 Patent was prior art that was relevant and material to the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '671 Patent was cited by the Examiner (on July 20, 2000) during the examination of applicant's co-pending Application No. 09/396,287, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '671 Patent during prosecution of the '686 Patent.

15.     During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 4,997,053, to Drori et al. (the '053 Patent). Upon information and belief, the applicant was aware that the '053 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '053 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '053 Patent during prosecution of the '962 Patent.

16. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,043,736, to Darnell et al. (the '736 Patent). Upon information and belief, the applicant was aware that the '736 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '736 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '736 Patent during prosecution of the '962 Patent.

17. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,418,537, to Bird (the '537 Patent). Upon information and belief, the applicant was aware that the '537 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '537 Patent was cited by the Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '537 Patent during prosecution of the '962 Patent.

18. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,448,218, to Espinosa (the '218 Patent). Upon information and belief, the applicant was aware that the '218 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '218 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same

provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '218 Patent during prosecution of the '962 Patent.

19. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,490,200, to Snyder et al. (the '200 Patent). Upon information and belief, the applicant was aware that the '200 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '200 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '200 Patent during prosecution of the '962 Patent.

20. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,588,038, to Snyder (the '038 Patent). Upon information and belief, the applicant was aware that the '038 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '038 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '038 Patent during prosecution of the '962 Patent.

21. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 5,777,580, to Janky et al. (the '580 Patent). Upon information and belief, the applicant was aware that the '580 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '580 Patent was cited by the Examiner during the examination of

applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '580 Patent during prosecution of the '962 Patent.

22. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 6,072,396, to Gaukel (the '396 Patent). Upon information and belief, the applicant was aware that the '396 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '396 Patent was cited by the Examiner in rejecting claims during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '396 Patent during prosecution of the '962 Patent.

23. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 6,131,067, to Girerd et al. (the '067 Patent). Upon information and belief, the applicant was aware that the '067 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent was ongoing, the '067 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '067 Patent during prosecution of the '962 Patent.

24. During prosecution of the '962 Patent, the applicant was aware of U.S. Patent No. 6,297,768, to Allen, Jr. (the '768 Patent). Upon information and belief, the applicant was aware that the '768 Patent was prior art that was relevant and material to the prosecution of Application No. 09/396,287, which resulted in the '962 Patent. In fact, while prosecution of the '686 Patent

was ongoing, the '768 Patent was cited to a different Examiner during the examination of applicant's co-pending Application No. 09/317,388, which claimed priority to the same provisional applications. With the intent to deceive the Examiner, the applicant failed to cite the '768 Patent during prosecution of the '962 Patent.

25. Application No. 09/317,388, which resulted in the '686 Patent, and Application No. 09/396,287, which resulted in the '962 Patent, both claim benefit of U.S. Provisional Application No. 60/119,378, filed February 9, 1999, and U.S. Provisional Application No. 60/125,658 filed March 22, 1999. Further, Application No. 09/396,287 is a continuation-in-part of Application No. 09/317,388. The applications which issued as the '686 Patent and the '962 Patent are related and part of the same patent family. Application No. 09/317,388 and Application No. 09/396,287 were prosecuted before different examiners in the US Patent Office. Although the same applicant prosecuted both applications for nearly four years simultaneous, the applicant did not disclose any of the material information from one application to the examiner in the other application.

26. Both Application No. 09/317,388 and Application No. 09/396,287 were co-pending in the US Patent Office from September 15, 1999 through August 26, 2003, however during this four year period the applicant did not disclose any of the prior art cited in one application to the examiner in the other application. In fact, the applicant did not cite any prior art at all to the examiner in Application No. 09/396,287, even though the examiner in Application No. 09/317,388 issued a final rejection of numerous claims on February 26, 2003 citing the '396 Patent.

27. On February 26, 2001 the examiner in Application No. 09/396,287 issued a final rejection of all the pending claims citing the '628 Patent, the '488 Patent, the '493 Patent, the

14

'989 Patent, the '775 Patent, and the '377 Patent.  The applicant never disclosed this final rejection or the cited prior art references to the examiner in co-pending Application No. 09/317,388.  The applicant appealed the final rejection of all pending claims in Application No. 09/396,287 on August 9, 2001, but did not disclose the existence of this appeal to the examiner in Application No. 09/317,388.  Applicant's appeal of the final rejection in Application No. 09/396,287 was still pending on August 26, 2003 when Application No. 09/317,388 issued as the '686 Patent, nonetheless applicant never informed the examiner in Application No. 09/317,388 of the existence of the pending appeal of the final rejection of all the pending claims in Application No. 09/396,287.

28.    After the '686 Patent issued on August 26, 2003, the applicant never informed the examiner in Application No. 09/396,287 that related Application No. 09/317,388 issued as the '686 Patent.  Because the examiner in Application No. 09/396,287 was never informed of the '686 Patent, the '686 Patent does not appear on the face of the '962 Patent.  The examiner in Application No. 09/396,287, without knowledge of the earlier issued '686 Patent, determined that the '962 Patent was entitled to an extension of its term by 767 days.

29.    As a consequence of the foregoing, there is an actual and justiciable controversy between GE and Plaintiff Smith as to invalidity and non-infringement of the '686 Patent.

## JURISDICTION AND VENUE

30.    This Court has subject matter jurisdiction over this controversy based on 28 U.S.C. §§1331, 1338, 2201, and 2202.

31.    This Court has personal jurisdiction over Plaintiff Smith because, among other things, Plaintiff Smith has submitted to the jurisdiction of the Court by the filing of his Complaint in this case.  Venue is proper under 28 U.S.C. §1391.

## GE'S FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement as to the '686 Patent)

32. GE repeats and realleges the allegations set forth in Paragraphs 1 through 31, above, as if set forth in full herein.

33. GE has not infringed and does not infringe, directly or indirectly, any claim of the '686 Patent.

34. Plaintiff Smith's allegations against GE have created an actual and justiciable controversy with GE, and GE is entitled to a declaration of non-infringement to resolve this controversy.

## GE'S SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity as to the '686 Patent)

35. GE repeats and realleges the allegations set forth in Paragraphs 1 through 34, above, as if set forth in full herein.

36. One or more claims of the '686 Patent are invalid for failure to meet one or more of the conditions of Patentability set forth in 35 U.S.C. §§101 *et seq.*

37. Plaintiff Smith's allegations against GE have created an actual and justiciable controversy with GE, and GE is entitled to a declaration of invalidity to resolve this controversy.

## GE'S THIRD COUNTERCLAIM
### (Declaratory Judgment of Unenforceability as to the '686 Patent)

38. GE repeats and realleges the allegations set forth in Paragraphs 1 through 37, above, as if set forth in full herein.

39. The '686 Patent is unenforceable as against GE.

40. Plaintiff Smith's allegations against GE have created an actual and justiciable controversy with GE, and GE is entitled to a declaration of unenforceability to resolve this controversy.

## **PRAYER FOR RELIEF**

WHEREFORE, defendant denies that Plaintiff Smith is entitled to any of the relief prayed for in its Complaint and pray that the Court:

1. Dismiss Plaintiff Smith's Complaint with prejudice;

2. Deny all relief requested by Plaintiff Smith;

3. Enter judgment in favor of GE and against Plaintiff Smith on all counts in Plaintiff Smith's complaint;

4. Enter judgment in favor of GE and against Plaintiff Smith on all counts in GE's counterclaims;

5. Declare that GE does not and has not infringed, directly or indirectly, the '686 Patent;

6. Declare that the '686 Patent is invalid;

7. Declare that the '686 Patent is unenforceable;

8. Award defendant its attorneys' fees and costs;

9. Permanently enjoin Plaintiff Smith, his successors, assigns, and anyone acting in concert therewith or on his behalf, from attempting to enforce the '686 Patent against GE or any parents, affiliates, subsidiaries thereof, or GE's respective officers, agents, employees, successors, assigns, or customers;

10. Declare this case exceptional under 35 U.S.C. §285 if warranted; and

11. Grant such other further relief as it may deem just and proper.

**JURY TRIAL DEMANDED AS TO ALL ISSUES SO TRIABLE.**

Dated: February 19, 2008　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/  Byron W. Cooper
　　　　　　　　　　　　　　　　　　　　Byron W. Cooper
　　　　　　　　　　　　　　　　　　　　CA State Bar No. 166578
　　　　　　　　　　　　　　　　　　　　Gregory S. Bishop
　　　　　　　　　　　　　　　　　　　　CA State Bar No. 184680
　　　　　　　　　　　　　　　　　　　　D. Stuart Bartow
　　　　　　　　　　　　　　　　　　　　CA State Bar No. 233107
　　　　　　　　　　　　　　　　　　　　BCooper@goodwinprocter.com
　　　　　　　　　　　　　　　　　　　　GBishop@goodwinprocter.com
　　　　　　　　　　　　　　　　　　　　SBartow@goodwinprocter.com

　　　　　　　　　　　　　　　　　　　　GOODWIN PROCTER LLP
　　　　　　　　　　　　　　　　　　　　181 Lytton Avenue
　　　　　　　　　　　　　　　　　　　　Palo Alto, California  94301
　　　　　　　　　　　　　　　　　　　　Tel.:  650.752.3100
　　　　　　　　　　　　　　　　　　　　Fax:  650.853.1038

　　　　　　　　　　　　　　　　　　　　T. John Ward, Jr.
　　　　　　　　　　　　　　　　　　　　jw@jwfirm.com

　　　　　　　　　　　　　　　　　　　　WARD & SMITH LAW FIRM
　　　　　　　　　　　　　　　　　　　　P. O. Box 1231
　　　　　　　　　　　　　　　　　　　　Longview, TX 75606-1231
　　　　　　　　　　　　　　　　　　　　Tel.:  903.757.6400
　　　　　　　　　　　　　　　　　　　　Fax: 903.757.2323

　　　　　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANT
　　　　　　　　　　　　　　　　　　　　GENERAL ELECTRIC COMPANY

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 19th day of February, 2008. Any other counsel of record will be served by first class mail.

    /s/ Byron W. Cooper
Byron W. Cooper

LIBA/1859172.1