IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | CASE NO. 2:07-CV-527 |
| GENERAL ELECTRIC COMPANY, | § § | JURY TRIAL REQUESTED |
| DEFENDANT. | § § § | |

# **PLAINTIFF/COUNTER-DEFENDANT SMITH'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF GE'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant, Joseph D. Smith ("Smith") hereby tenders his Answer to Defendant Counter-Plaintiff General Electric Company's Counterclaims. In answer to the numbered paragraphs of the Counterclaims, Smith states as follows:

1. Smith admits the allegations in Paragraph 1.

2. Smith admits the allegations in Paragraph 2.

3. Paragraph 3 does not require a response. There is a controversy between Smith and GE with respect to U.S. Patent No. 6,611,686 ("the '686 Patent"). Smith denies that the '686 Patent is invalid and unenforceable. Smith also denies that GE is entitled to the declaratory relief requested, and Smith has previously asserted that GE infringes the '686 patent; and therefore, denies GE's allegation of non-infringment.

4. In response to Paragraph 4, Smith admits that he is the owner of all rights, title, and interest in the '686 Patent and that he alleges that GE infringes the '686 Patent. Smith denies that the remaining allegations in Paragraph 4.

5. Smith denies the allegations in Paragraph 5.

6.    In response to Paragraph 6, Smith admits that applicant was aware of U.S. Patent No. 5,835,377, to Bush ("the '377 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '377 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Bush. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Bush, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 6.

7.    In response to Paragraph 7, Smith admits that applicant was aware of U.S. Patent No. 6,014,628, to Kovarik, Jr. ("the '628 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '628 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Kovarik. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part '962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962,

which included Kovarik, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 7.

8. In response to Paragraph 8, Smith admits that applicant was aware of U.S. Patent No. 5,666,493, to Wojcik et al. ("the '493 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '493 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 Patent, which cites Wojcik. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Wojcik, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 8.

9. In response to Paragraph 9, Smith admits that applicant was aware of U.S. Patent No. 5,712,989, to Johnson et al. ("the '989 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '989 Patent was not material prior art and/or is cumulative of other prior art cited during

the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Johnson. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Johnson, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 9.

10. In response to Paragraph 10, Smith admits that applicant was aware of U.S. Patent No. 5,434,775, to Sims et al. ("the '775 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '775 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Sims. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Sims, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that

4

applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 10.

11. In response to Paragraph 11, Smith admits that applicant was aware of U.S. Patent No. 4,920,488, to Filley ("the '488 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '488 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Filley. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/ Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Filley, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 11.

12. In response to Paragraph 12, Smith admits that Applicant was aware of U.S. Patent No. 5,867,122, to Zahm, et al. ("the '122 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '122 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Zahm. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring); 340/989) than the continuation-in-part US

6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Zahm, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 12.

13. In response to Paragraph 13, Smith admits that applicant was aware of U.S. Patent No. 5,045,839, to Ellis et al. ("the '839 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The '839 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Smith filed six information disclosure statements with approximately 19 documents. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Ellis. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/ Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Ellis, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 13.

14. In response to Paragraph 14, Smith admits that applicant was aware of U.S. Patent No. 5,914,671, to Tuttle et al. ("the '671 Patent") during the prosecution of the '686 Patent, to the extent it was listed during prosecution of the '962 Patent. The

'671 Patent was not material prior art and/or is cumulative of other prior art cited during the prosecution of Application No. 09/317,388, which resulted in the '686 Patent. Smith filed six information disclosure statements with approximately 19 documents. Moreover, the '686 Patent is a different invention from the '962 patent, which cites Tuttle. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/ Location Monitoring); 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The art cited in the '962, which included Tuttle, is from a different field of search (Inventory Management), and for a different type of invention. The '962 includes eight new sheets of drawings, none of which resemble the original drawings of the '686. Smith specifically denies that applicant acted with intent to deceive. Smith denies any remaining allegations in Paragraph 14.

15. In response to Paragraph 15, Smith admits that applicant was aware of U.S. Patent No. 4,997,053, to Drori et al. ("the '053 Patent") during the prosecution of the '962 Patent. The applicant cited the '053 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '053 Patent was cited during examination of the '962 Patent; and the '053 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '053 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 15.

16. In response to Paragraph 16, Smith admits that applicant was aware of U.S. Patent No. 5,043,736, to Darnell et. al. ("the '736 Patent") during the prosecution of the '936 Patent. The applicant cited the '736 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '736 Patent was cited during examination of the '962 Patent; and the '736 Patent is listed on the front page of the

'962 Patent. The Examiner of the '962 Patent did not find the '736 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 16.

17. In response to Paragraph 17, Smith admits that applicant was aware of U.S. Patent No. 5,418,537, to Bird ("the '537 Patent") during the prosecution of the '962 Patent. The applicant cited the '537 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '537 Patent was cited during examination of the '962 Patent; and the '537 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '537 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 17.

18. In response to Paragraph 18, Smith admits that applicant was aware of U.S. Patent No. 5,448,218, to Espinosa ("the '218 Patent") during the prosecution of the '962 Patent. The applicant cited the '218 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '218 Patent was cited during examination of the '962 Patent; and the '218 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '218 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 18.

19. In response to Paragraph 19, Smith admits that applicant was aware of U.S. Patent No. 5,490,200, to Snyder et al. ("the '200 Patent") during the prosecution of the '962 Patent. The applicant cited the '200 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '200 Patent was cited during examination of the '962 Patent; and the '200 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '200 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 19.

20. In response to Paragraph 20, Smith admits that applicant was aware of U.S. Patent No. 5,588,038, to Snyder ("the '038 Patent") during the prosecution of the '962 Patent. The applicant cited the '038 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '038 Patent was cited during examination of the '962 Patent; and the '038 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '038 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 20.

21. In response to Paragraph 21, Smith admits that applicant was aware of U.S. Patent No. 5,777,580 to Janky et al. ("the '580 Patent") during the prosecution of the '962 Patent. The applicant cited the '580 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '580 Patent was cited during examination of the '962 Patent; and the '580 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '580 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 21.

22. In response to Paragraph 22, Smith admits that applicant was aware of U.S. Patent No. 6,072,396 to Gaukel ("the '396 Patent") during the prosecution of the '962 Patent. The applicant cited the '396 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '396 Patent was cited during examination of the '962 Patent; and the '396 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '396 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 22.

23. In response to Paragraph 23, Smith admits that applicant was aware of U.S. Patent No. 6,131,067, to Girerd et al. ("the '067 Patent") during the prosecution of

the '962 Patent. The applicant cited the '067 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '067 Patent was cited during examination of the '962 Patent; and the '067 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '067 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 23.

24. In response to Paragraph 24, Smith admits that applicant was aware of U.S. Patent No. 6,297,768, to Allen, Jr. ("the '768 Patent") during the prosecution of the '962 Patent. The applicant cited the '786 Patent in one of six information disclosure statements filed during prosecution of the '962 Patent; the '768 Patent was cited during examination of the '962 Patent; and the '768 Patent is listed on the front page of the '962 Patent. The Examiner of the '962 Patent did not find the '768 Patent to be material to patentability. Smith denies any remaining allegations in Paragraph 24.

25. In response to Paragraph 25, Smith admits that Application No. 09/317,388, which resulted in the '686 Patent, and Application No. 09/396,287, which resulted in the '962 Patent, both claim benefit of U.S. Provisional Application No. 60/119,378, filed February 9, 1999, and U.S. Provisional Application No. 60/125,658, filed March 22, 1999. Smith admits that Application No. 09/396,287 is a continuation-in-part of Application No. 09/317,388.

25.1. Smith admits that these applications were pending during the time period alleged in Paragraph 25; however, Smith denies that applicant failed to cite material art.

25.2. The applicant referenced the application for the '686 patent in the first line of the application for the '962 Patent. This referencing was also done in the filing documents. Moreover, the filing receipt of the '962 shows the application number of the

'686, and the application number of the '686 is on the front page of the '962 patent. While the applications were co-pending for almost four years, the prosecution on the merits of the '962 patent was closed almost two years before the first office action in the '686 patent.

    25.3. The US Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring; 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The applications are examined by different examiners because the US Patent Office considers them different inventions. Smith denies any remaining allegations in Paragraph 25.

    26. In response to Paragraph 26, Smith admits Application no. 09/317,388 ('686 patent) and Application no. 09/396,287 ('962 patent) were co-pending from September 15, 1999 through August 26, 2003. Applicant admits that the examiner in Application 09/317,388 ('686 Patent) issued a final office action on February 26, 2003. Smith admits that the examiner cited Gaukel (the '396 Patent). Smith admits that the '396 Patent was not cited during prosecution of the '962 Patent; which had been closed since May 10, 2001, almost two years before February 26, 2003.

    26.1 There is no basis for invalidity of the '686 Patent due to a lack of citation of the '396 Patent. In paragraph 26, Defendant admits that Gaukel ('396 Patent) was cited during prosecution of the '686 patent. The '396 Patent or Gaukel is listed on the front page of the '686 Patent. The same examiner found that the '686 Patent is patentable over Gaukel. Smith denies any remaining allegations in Paragraph 26.

    27. In response to Paragraph 27, Smith denies that on February 26, 2001, the examiner in Application no. 09/396,287 ('962 Patent) issued a final office action

rejection of all the pending claims citing the '628, '488, '493, '989, '775, and '377 Patents. A final office action was made on May 10, 2001 citing these references. Smith admits that these references were not cited by Smith to the examiner of the '686 Patent while the '686 Patent was pending. These references were immaterial and not even within the same general classification of the '686 invention. Moreover, in the Notice of Allowance, the Examiner states for the record that she no longer considers any patents cited during prosecution of the '962, including the '628, '488, '493, '989, '775, and '377 Patents, to be material. Moreover, the Board of Patent Appeals determined that the art cited in the '962, namely the '628, '488, '493, '989, '775, and '377 Patents, was not material to the claims of the '962 Patent. The U.S. Patent Office classifies the '686 Patent to be in the field of Telecommunications/Location Monitoring while the '962 Patent is in the entirely different classification of Inventory Monitoring.

27.1. Smith denies that on August 9, 2001, applicant appealed all rejections of the '962 Patent. The Notice of Appeal was filed October 9, 2001. The U.S. Patent Office classifies the '686 differently (U.S. Class 455/456 (Telecommunications/Location Monitoring; 340/989) than the continuation-in-part US 6,879,962 (U.S. Class 705/22 (Inventory Monitoring); 705/7; 705/6). The applications are examined by different examiners because the U.S. Patent Office considers them different inventions. In the first line of the application for the '962 Patent, applicant referenced the application for the '686 Patent. This was also done in the filing documents. The filing receipt of the '962 Patent shows the application number of the '686 Patent, and the application number of the '686 Patent is on the front page of the '962 Patent. As noted above, the art cited in the '962 Patent, including the '628, '488, '493, '989, '775, and '377 Patents,

were all determined by the Board of Patent Appeals not to be material to the claims of the '962 Patent, and the examiner acknowledged that she no longer considered them material as stated in the Notice of Allowance. Smith denies any remaining allegations in Paragraph 27.

28. In response to Paragraph 28, Smith admits that the applicant for the '962 Patent did not inform the U.S. Patent Office that the '686 had issued as a patent. However, by the time the '686 issued as a patent, prosecution of the '962 Patent had been closed for over two years. Moreover, applicant did inform the U.S. Patent Office about the application of the '686 Patent, the filing date, the priority, and the relationship. The application number of the '686 Patent is on the front page of the '962 Patent.

28.1. The 767-day extension of the patent term of the '962 Patent is due to the delay in time required by the appeal of the claims of the '962 Patent. Otherwise, the '962 Patent would have issued as a patent long before the '686 Patent issued. It is not known if the Examiner of the '962 had specific knowledge of the issuance of the '686, although the Examiner had been informed of the application, the filing date, and the priority.

28.2. In the first line of the application for the '962 Patent, applicant referenced the application for the '686 Patent. This was also done in the filing documents. The filing receipt of the '962 Patent shows the application number of the '686, and the application number of the '686 is on the front page of the '962 Patent. Smith denies any remaining allegations in Paragraph 28.

29. In response to Paragraph 29, Smith admits that there is a controversy between Smith and GE with respect to the '686 Patent.

30. In response to Paragraph 30, Smith admits that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202 over the controversy between Smith and GE with respect to the '686 Patent.

31. In response to Paragraph 31, Smith admits that this Court has personal jurisdiction over him. Smith admits that venue is proper under 28 U.S.C. § 1391, as well as 28 U.S.C. §1400.

32. In response to Paragraph 32, Smith repeats his response contained in preceding Paragraphs 1-31.

33. Smith denies the allegations in Paragraph 33.

34. In response to Paragraph 34, Smith admits that there is a controversy between Smith and GE with respect to the '686 Patent.

35. In response to Paragraph 35, Smith repeats his response contained in preceding Paragraphs 1-34.

36. Smith denies the allegations in Paragraph 36.

37. In response to Paragraph 37, Smith admits that there is a controversy between Smith and GE with respect to the '686 Patent.

38. In response to Paragraph 38, Smith repeats his response contained in preceding Paragraphs 1-37.

39. Smith denies the allegations in Paragraph 39.

40. In response to Paragraph 40, Smith admits that there is a controversy between Smith and GE with respect to the '686 Patent.

41. Smith denies that GE is entitled to the relief requested in Paragraphs (1) through (11) of its Prayer for Relief.

WHEREFORE, Plaintiff/Counter-Defendant Joseph Smith prays for a judgment against Defendant/Counter-Plaintiff General Electric Company as follows:

a. Dismissing Defendant/Counter-Plaintiff General Electric Company's counterclaims with prejudice;

b. Denying all relief requested by Defendant/Counter-Plaintiff General Electric Company;

c. Entering judgment in favor of Joseph Smith and against General Electric Company on all counts in Joseph Smith's complaint;

d. Entering judgment in favor of Joseph Smith and against General Electric Company on all counts in General Electric Company's counterclaims;

e. Declaring that the '686 Patent is valid;

f. Declaring that the '686 Patent is enforceable;

g. Declaring that General Electric Company has infringed, directly or indirectly, the '686 Patent;

h. Ruling that General Electric Company shall be required to pay Joseph Smith's damages incurred as a result of this action, including reasonable fees and costs consistent with 35 U.S.C. § 287 because General Electric Company's actions make this an exceptional case; and

i. Granting such other relief as this Court deems just.

Respectfully submitted

ANDERSON & CUNNINGHAM, P.C.

s/_____
David K. Anderson
SBT No. 01174100
SDT No. 7405
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6799
Telephone: 713-655-8400
FAX: 713-650-8745
ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
SBT No. 05240700
SDT No. 15051
270 First City Tower
1001 Fannin Street
Houston, Texas 77002-6799
Telephone: 713-655-8400
FAX: 713-650-8745

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure via the Court's CM/ECF on this 24th day of March, 2008, as follows:

Byron W. Cooper
GODWIN PROCTER, L.L.P.
181 Lytton Avenue
Palo Alto, California 94301
Telephone: (650) 752-3100
FAX: (650) 853-1038
BCooper@ goodwinprocter.com

T. John Ward, Jr.
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
FAX: (903) 757-2323
jw@jwfirm.com

/s/ David K. Anderson
_____
David K. Anderson