IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| JOSEPH SMITH, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | CASE NO. 2:07-cv-527-LED-CE |
| | § | |
| v. | § | JURY TRIAL REQUESTED |
| | § | |
| GENERAL ELECTRIC COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**DEFENDANT GENERAL ELECTRIC COMPANY'S MOTION TO STRIKE
PLAINTIFF'S PATENT RULE 3-1 INFRINGEMENT CONTENTIONS**

Defendant General Electric Company ("GE") respectfully requests that the Court strike Plaintiff Joseph Smith's Patent Rule 3-1 Infringement Contentions based on Smith's failure to comply with the requirements as set forth in the Patent Rules for the Eastern District of Texas. In the alternative, GE requests that, upon a showing of 'good cause,' the Court order Mr. Smith to amend his disclosures within ten (10) days. A proposed order is submitted herewith.

**I.      INTRODUCTION**

Smith's infringement contentions are grossly inadequate in light of the clear requirements of Patent Rule 3-1, prejudicially prohibiting GE from effectively preparing an informed defense. First, Smith's disclosures do not identify which claims are asserted against which *specific* GE products. Second, Smith's infringement contentions are devoid of any explanation or analysis of what Smith's infringement positions are with respect to any element of his asserted claims, much less why. Finally, Smith's infringement contentions fail to identify for each element of each claim whether that element is literally found or is found under the doctrine of equivalents.

1

Patent Rule 3-1 is intended to bring clarity and efficiency to the disclosure process by requiring plaintiffs to identify their infringement claims before discovery begins. GE has produced over a million pages of documents to Smith, providing him everything he needs to prepare detailed infringement contentions. Many of the most relevant technical documents were produced well before discovery began based on Smith's representation that detailed infringement charts would be provided after receiving these technical documents. Smith's continued failure to comply with the Patent Rules has forced GE to speculate about the true nature of Smith's vague infringement claims. This has seriously prejudiced GE's ability to defend itself, and subjects GE to the risk of trial by ambush. GE has given Smith every opportunity to bring his infringement contentions into compliance with the Patent Rules without the intervention of the Court; nevertheless, Smith refuses to do so. Accordingly, GE respectfully requests that the Court enforce the Patent Rules and strike Smith's infringement contentions, or, should Smith demonstrate 'good cause,' order Smith to amend his required P.R. 3-1 disclosures within ten (10) days.

## II. BACKGROUND

Smith commenced this patent action on December 4, 2007 by filing a sparse, four page complaint. On April 14, 2008, Smith served upon GE a set of bare claim charts, purportedly in satisfaction of his P.R. 3-1 obligations. In the charts, Smith asserts that GE infringes nearly all 45 claims of the patent-in-suit.

GE's Asset Intelligence business makes the VeriWise products, which are used for transportation fleet management. Asset Intelligence is segmented into four distinct subcategories of service, including VeriWise Trucking, Rail, Marine and Intermodal, each of which offer an array of solutions for asset management, security & safety, and maintenance and condition

monitoring, and comprise a battery of distinct GE products. *See*

http://www.ge.com/equipmentservices/assetintelligence/index.html.

Smith's charts simply reference pages on various publicly available GE websites with little or no analysis of the basis for his infringement accusations. Copies of the bare charts served by plaintiff Smith to satisfy his obligations under P.R. 3-1 are attached hereto as Exhibit 1. Moreover, the charts fail to identify the accused GE products. (*See* Exh. 1). In some instances, within a single claim, the charts simply mix and match text from webpages relating to multiple, distinct GE products. (*Id.*) Smith's charts also failed to point out, on an element by element basis, whether each element is allegedly met literally or under the doctrine of equivalents. (*Id.*)

The same day Smith served his purported P.R. 3-1 disclosures, counsel for GE sent Smith's counsel several e-mails generally describing the above deficiencies and requesting that Smith amend his disclosures. (*See* Exh. 2). Smith did not respond substantively to the e-mails from GE's counsel regarding the deficiencies. On May 15, 2008, GE's counsel sent a detailed letter further explaining the deficiencies in Smith's P.R. 3-1 disclosures, and again requested that Smith amend his disclosures. (*See* Exh. 3). Again, Smith did not respond substantively to the issue of the deficiencies identified -- amending only one chart, which had been served in incomplete form.

Smith represented to GE, through his counsel, that he would provide detailed claim charts if GE provided the technical details of GE's products and its non-infringement positions. Shortly thereafter, GE began producing its technical documents and provided Smith a letter giving specific examples of reasons why any potentially accused products can not infringe any of the claims of the asserted patent. (*See* Exh. 4). Further, GE has produced over a million pages of

documents to Smith, including production of the most relevant technical documents and product information by March 21, 2008, well in advance of Smith's April 14th deadline. (*See* Exhs. 4 and 5). Smith has been in possession of GE's technical documents for over 75 days. During that time, Smith has made no complaints that those documents are inadequate to enable him to fully understand the operation and composition of Defendant's allegedly infringing products. After meeting and conferring on June 6, 2008, Smith still refuses to amend his disclosures to comply with P.R. 3-1.

### III. LEGAL STANDARDS

Before filing a lawsuit which accuses another party of patent infringement, a plaintiff is required to specifically identify each accused instrumentality, and determine specifically how each element of each asserted claim is infringed by each accused product. *View Eng'g Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000); *see* P.R. 3-1 (a) - (c). In so doing, a plaintiff is required to rigorously analyze all publicly available information. *Orion IP LLC v. Staples, Inc.*, 407 F. Supp. 2d 815, 817 (E.D. Tex. 2006) (Davis, J.). Because a plaintiff is required to have conducted a thorough prefiling investigation, the Patent Rules require a plaintiff to disclose its infringement contentions before discovery has begun. *See* P.R. 3-1. These contentions should include the relevant facts obtained by the plaintiff in its prefiling investigation. *See Network Caching Tech., LLC v. Novell, Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, at *6. (N.D. Cal. Aug. 13, 2002); *see, e.g.*, *Am. Video Graphics, L.P. v. Elec. Arts, Inc.*, 359 F. Supp. 2d 558, 560 (E.D. Tex. 2005) (the Patent Rules establish "high expectations" as to a plaintiff's preparedness before filing suit). Patent Rule 3-1 further requires that infringement contentions describe "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere

language of the patent [claims] themselves." *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F. Supp. 2d 754, 755 (E.D. Tex. 2004) (quoting *Network Caching Tech., LLC v. Novell, Inc.*, 2003 U.S. Dist. LEXIS 9881, at *13 (N.D. Cal., July 7, 2003) (addressing N.D. California Local Rules))[1]. Infringement contentions that provide vague, conclusory language do not comply with the Local Rules. *ConnecTel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005).

The reasoning behind requiring detailed infringement contentions is clear:

> Specific theories create a specific trajectory for the case. When parties accuse hundreds of products of infringing hundreds of claims, and only narrow those accusations after discovery, the case staggers for months without clear direction. However, when parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment, trial, and beyond.

*Id.*; *see also Am. Video Graphics, L.P.*, 359 F. Supp. 2d at 560. Simply put, without detailed infringement contentions, defendants cannot adequately prepare their defenses. *See id.*

In determining whether to strike non-compliant infringement contentions, courts consider the danger of unfair prejudice, the reason and length of the delay, the importance of the particular matter, whether a lesser remedy would adequately address the other factors and deter future violations, and the diligence of the offending party. *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d 664, 668 (E.D. Tex. 2007); *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007); *see, e.g.*, *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (listing factors to consider for exclusion of evidence); *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (Rule 37 (c) (1) mandates that a trial court punish a party for failure to make disclosures under Rule 26, unless the violation is harmless or is substantially

---

[1] Although Northern District of California opinions are not binding on this Court, they are persuasive because the relevant portions of this Court's Patent Rule 3-1 are exactly the same as that court's Patent LR 3-1. *STMicroelectronics, Inc.*, 308 F. Supp. 2d at 756.

justified) (citation omitted); *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA.*, 315 F.3d 533, 535 (5th Cir. 2003) (party seeking leave to amend a court's scheduling order must show "good cause," i.e., that the deadlines cannot reasonably be met despite the diligence of the party seeking the extension); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (listing factors in determining excusable neglect).

IV. ARGUMENT

A. Smith's Infringement Contentions Do Not Comply With The Patent Rules.

1. Smith Has Not Provided The Required Level Of Detail On A Product By Product Basis.

Infringement contentions must identify:

> [s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality"). . . .This identification shall be *as specific as possible*. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process.

P.R. 3-1(b) (emphasis added). In *ConnecTel*, this Court found that plaintiff's infringement contentions failed to comply with Patent Rule 3-1 because they consisted of generic claim charts that made "shotgun accusations of hundreds of products infringing hundreds of claims", and cited to multiple publications and product manuals while failing to specifically identify where any elements of the asserted claims were found. *ConnecTel*, 391 F. Supp. 2d at 527-28. This Court ordered the plaintiff to "designate exemplar accused infringing products and compare those products to each asserted patent on a claim by claim, element by element basis" and "highlight . . . the text of every piece of cited literature where elements of the asserted claims are found" *Id*. at 529.

In the instant case, Smith's infringement contentions fail to specifically identify which GE products allegedly infringe the asserted claims of the asserted '686 patent. For many claims, Smith's charts simply mix and match publicly available documents that relate to multiple, distinct GE products. Claim 1 exemplifies the lack of specificity with which Smith has identified GE's allegedly infringing products, by simply mentioning "[t]he GE VeriWise Product." A quick A-Z product search on the GE webpage, to which Smith's infringement contentions refer, reveals forty-seven distinct GE VeriWise products. This sort of blanket allegation is certainly not "as specific as possible," undoubtedly contravening P.R. 3-1(b). Almost a month before Smith's charts were served, GE had produced to Smith all the relevant information necessary to comply with P.R. 3-1(b); Smith, however, ignored GE's disclosures and merely relied on publicly available information. Accordingly, there is no excuse for Smith's failure to identify his theories of infringement with particularity. Although GE has repeatedly asked Smith to remedy his deficient contentions, Smith appears satisfied to stand by his "shotgun" accusation of multiple GE products. Smith's disclosures clearly fall short of what is required.

### 2. Smith's Infringement Contentions Fail To Specifically Identify Where Each Element Of Each Asserted Claim Can Be Found Within Each Accused Product.

Infringement contentions must map the claims to the Accused Products by containing "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality . . . ." P.R. 3-1(c). Adequate infringement contentions must explain how GE's "accused infringing products read on [Smith's] asserted claim language." *ConnecTel*, 391 F. Supp. 2d at 528. Despite having had substantially all of GE's relevant technical documents in his possession both prior to serving his P.R. 3-1 disclosures and for almost three months since then, Smith's infringement contentions do not demonstrate any reasonable analysis that would support a *prima facie* case of infringement. Smith's claim charts fail to explain

7

Smith's infringement allegations sufficiently to allow GE to "crystallize its non-infringement and invalidity theories, and [GE is] hindered in identifying what claim terms need construction." *Id.*

By way of example, independent claim 29, shown in the abbreviated table below, requires "a database operable for storing information relating to each of said plurality of targets." Yet with respect to this element, the chart for claim 29 simply references two marketing web pages, one of them from a European website, neither of which mentions anything about a database. (*See*, Exh. 1).

| Claim 29 of '686 Patent | Infringed: Literally and DOE |
|---|---|
| a database operable for storing information relating to each of said plurality of targets; | See diagrams at http://www.geassetintelligenceeu.com/technology/ And http://trailer-services.com/veriwise/how.html |

As another example, the chart for claim 1 makes the naked assertion that "[b]ased on the information available, it appears that GE's controller does not have a port that allows access for reading its programming." To the contrary, GE produced documents to Smith before Smith's infringement contentions were served that refute this allegation. (*See*, Exhs. 1, 2, 4). With respect to many other claim limitations, the charts are simply devoid of any analysis, despite the fact that Smith has had GE's technical documents in its possession and could have relied upon these documents in his infringement contentions. The Patent Rules make it clear, however: GE is entitled to know the theories under which Smith is alleging infringement.

### 3. Smith Fails To Assert Whether Each Element Of Each Asserted Claim Is Found Literally Or Under The Doctrine Of Equivalents.

Finally, infringement contentions must identify "[w]hether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality," P.R. 3-1(d). This information is crucial to constructing a proper invalidity defense, not to mention non-infringement defenses. Smith's charts include only a

generic heading at the top of each chart: "Infringed: Literally and DOE," but lack any analysis of how, or any indication as to whether the heading applies to "each element of each asserted claim." (Exh. 1) GE cannot adequately determine whether prosecution history estoppel applies for a particular element, nor can GE adequately formulate its positions with respect to anticipation and obviousness. Additionally, GE may need to retool its investigation of the prior art once it learns which elements of which claims are alleged to be found under the doctrine of equivalents. In short, Smith's failure to comply with P.R. 3-1 has greatly prejudiced GE's ability to prepare its defenses, has caused GE to wastefully expend its resources, and will potentially force GE to incur the costs of conducting additional and potentially duplicative investigation.

### B. The Court Should Strike Smith's Infringement Contentions.

This Court has the inherent power to enforce its rules and to impose appropriate remedies for violations thereof. *Nike, Inc. v. Adidas Am. Inc.*, 479 F. Supp. 2d at 668; *see O2 Micro Int'l v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). In deciding whether to strike insufficient infringement contentions, courts consider: 1) the danger of unfair prejudice; 2) the length of and reason for the delay, its potential impact on judicial proceedings, and whether it was within the reasonable control of the movant; 3) the importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the court's scheduling orders, local rules, and the federal rules of procedure; and 4) whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent. *Nike*, 479 F. Supp. 2d at 668, and *Computer Acceleration Corp.*, 503 F. Supp. 2d at 822.

Additionally, the Patent Rules only allow amendments in certain enumerated post-claim construction circumstances, under which Smith does not qualify, or "by order of the Court, which shall be entered upon a showing of good cause." P.R. 3-6(b). Smith cannot show any cause for further amending his infringement contentions because he has had all the necessary information in his possession. Consideration of these factors confirms that the relief sought is warranted and appropriate.

### 1. Smith Has Been Provided Ample And Fair Opportunity To Correct His Deficient Infringement Contentions.

GE alerted Smith to the deficiency of his infringement contentions immediately following their service on April 14, 2008, and subsequently urged Smith to correct his contentions on May 15, 2008 and during the meet and confer process regarding this motion. Smith has refused to comply. Smith cannot now argue that he will be unfairly prejudiced if this Court disallows amendments to his infringement contentions. On the other hand, GE will suffer prejudice if Smith's infringement contentions are not stricken. Nearly six months after filing suit and two months after serving claim charts alleging infringement, Smith either cannot or will not detail his infringement accusations. GE has had no choice to but adhere to the schedule set out by the Court and prepare its invalidity contentions, despite the fact that Smith has not revealed his infringement case. While amendments are allowed upon a showing of good cause, "the right to amend under *P.R. 3-6* is still subject to the court's and [Smith's] countervailing duty to avoid unfairly prejudicing [GE] 'through eleventh-hour alterations.'" *Computer Acceleration Corp.*, 503 F. Supp. 2d at 824 n. 2 (quoting *IXYS Corp. v. Advanced Power Tech., Inc.*, No. C 02-03942, 2004 U.S. Dist. LEXIS 10934, at *3 (N.D. Cal. June 16, 2004)).

### 2. Smith Has Unduly Delayed Correcting His Infringement Contentions Through No Fault Of GE.

GE has provided Smith notice of his deficient infringement contentions on multiple occasions, and Smith has provided GE with no basis for his refusal to amend his disclosures. Moreover, Smith has not indicated any intention to modify his infringement contentions, nor could he fairly allege that GE has contributed to the delay in any way. Since March 21, 2008, Smith has had all of the information necessary to produce detailed (and compliant) infringement contentions.

### 3. Infringement Contentions Are Of Extreme Importance In Patent Infringement Cases, And No Lesser Sanction Will Suffice.

Smith's deficient infringement contentions have compromised GE's ability to adequately defend itself, at least to this point in the lawsuit. The Patent Rules were implemented to permit the efficient adjudication of patent cases, which present unique discovery exigencies. Also, no lesser remedy would adequately address this situation or deter future conduct of a similar nature. Allowing Smith's "scanty and inadequate infringement contention disclosure to stand would deter neither game-playing nor actual violation of the rules – to the contrary it would actually discourage the voluntary exchange of information." *Computer Acceleration Corp.*, 503 F. Supp. 2d at 825.

Plaintiffs are required to perform Rule 11 investigations before filing suit. If Smith is permitted to finally serve adequate infringement contentions at this late stage, then Smith will have actually benefited from both initially serving deficient infringement contentions and then forcing GE to raise the issue with the Court. Indeed, if given yet more time, Smith could simply use this time to complete the investigation he was required to perform *before* filing suit. Moreover, GE would have very little time after finally learning of Smith's actual contentions in

this case to prepare its defenses, collect documents and complete discovery. Smith should not be permitted to simply surf the Internet and then file a lawsuit against GE on undeveloped and/or undisclosed theories of infringement. This circumstance has prejudiced GE's ability to prepare its defenses -- a condition that will be exacerbated if Smith is allowed to amend his infringement contentions at this point.

> **4. Smith Has Received Ample Notice Of The Inadequacy Of His Infringement Contentions, But Has Manifested An Utter Lack Of Diligence In Addressing The Matter.**

The same day Smith produced his infringement contentions, GE alerted him to the inadequacy of his contentions and identified the additional information that would bring them into compliance with P.R. 3-1. Smith ignored GE's request for additional information. Again, two weeks before the deadline for submitting invalidity contentions, GE reiterated its request in a letter detailing its need for further information in order to adequately mount its defenses. Smith once again ignored the request. And, during the meet and confer process, Smith's counsel flatly refused to amend.

As this Court noted in *Nike*, if amendments are allowed in circumstances such as these, "[l]awyers who attempted to analyze the possible range of claims against a client would be punished while [the offending party] would be rewarded. Parties would be encouraged to adopt a 'rolling' approach to infringement and invalidity contentions in the hope of hiding their true intentions until late in a case. This would thwart the purpose of the local patent rules." *Nike*, 479 F. Supp. 2d at 669-670. In addition, Rule 11 of the Federal Rules of Civil Procedure requires that "allegations and other factual contentions have evidentiary support…." The infringement contentions Smith served on GE do not reflect an adequate investigation of the infringement issues in this case, and do not disclose an appropriate basis for alleging

12

infringement in this lawsuit, particularly as exculpatory evidence (mentioned above) has been produced to Smith and has gone ignored.

## V. CONCLUSION

For the foregoing reasons, GE respectfully requests that this Court grant GE's motion and strike Smith's Infringement Contentions. In the alternative, if Smith demonstrates 'good cause,' GE requests that the Court order Smith to provide infringement contentions that comply with Patent Rule 3-1 within ten (10) days.

Dated: June 9, 2008                             Respectfully submitted,

/s/ Byron Cooper
Byron Cooper
CA State Bar No. 166578
Gregory S. Bishop
CA State Bar No. 184680
D. Stuart Bartow
CA State Bar No. 233107
bcooper@goodwinprocter.com
gbishop@goodwinprocter.com
sbartow@goodwinprocter.com
GOODWIN PROCTER LLP
135 Commonwealth Drive
Menlo Park, CA 94025
Tel.: 650.752.3100
Fax: 650.853.1038

T. John Ward, Jr.
State Bar No. 00794818
WARD & SMITH LAW FIRM
P. O. Box 1231
Longview, TX 75606-1231
Tel.: 903.757.6400
Fax: 903.757.2323
jw@jwfirm.com

ATTORNEYS FOR DEFENDANT
GENERAL ELECTRIC COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 9th day of June, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Byron Cooper  
Byron Cooper

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned has conferred with David Anderson, counsel for Smith, on June 6, 2008 regarding the subject matter of this motion and it is opposed.

/s/ Byron Cooper  
Byron Cooper

LIBA/1896768.1